IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| COUNTY OF ANOKA, MINNESOTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| TYLER TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 – DIVERSITY JURISDICTION

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant") hereby removes the above-entitled action from the Tenth Judicial District Court of the State of Minnesota for the County of Anoka ("the State Court Action") to the United States District Court for the District of Minnesota. Tyler provides the following short and plain statement on the grounds for removal:

## I.  JURISDICTION

1.  The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be removed to this Court by Tyler pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.  PROCEDURAL HISTORY

2.  On June 15, 2020, Plaintiff County of Anoka ("Anoka" or "Plaintiff") served an unverified complaint (the "Complaint") against Tyler in the State Court Action, entitled *County of Anoka vs. Tyler Technologies, Inc.*

3.      Anoka served Tyler with a copy of Summons and Complaint on June 15, 2020. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1**. The Summons and Complaint attached hereto as **Exhibit 1** constitute all the process, pleadings, and orders served upon Defendant. *See* 28 U.S.C. § 1446(a).

## III.    CITIZENSHIP OF THE PARTIES

4.      In the Complaint, Anoka alleges that it "is a political subdivision of the State of Minnesota." Complaint, ¶ 1. Thus, Anoka is a citizen of the State of Minnesota. *Moor v. Alameda Cty.*, 411 U.S. 693, 717-78 (1973) (holding that a political subdivision of a State is a citizen of the State for diversity purposes).

5.      Tyler was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas. Complaint, ¶ 2. Tyler is therefore a citizen of Delaware and Texas, but not a citizen of Minnesota.

6.      No other defendants have been named or served in the State Court Action.

7.      Anoka is a citizen of the State of Minnesota. Tyler is a citizen of Delaware and Texas and is not a citizen of the State of Minnesota. Accordingly, complete diversity of citizenship exists between Anoka and Tyler both as of the time the action was commenced in state court and as of the time of this removal.

## IV.    AMOUNT IN CONTROVERSY

8.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9.      Tyler can establish the necessary amount in controversy based on the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Anoka exceeds the jurisdictional minimum. *See Christensen v. Owners Ins. Co.*, CIV. 14-4757 RHK/JJK, 2015 WL 574522, at *1 (D. Minn. Feb. 11, 2015) ("as the party invoking the Court's jurisdiction, Defendant bears the burden of establishing

the amount in controversy clears the $75,000 jurisdictional hurdle") (citing *James Neff Kramper Family P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir.2005)).

10.     The Complaint alleges two causes of action: (1) Breach of Contract (Specific Performance) and (2) Breach of Contract (Damages).  Each cause of action is rooted in Anoka's allegations that Tyler failed to provide a property tax management software system pursuant to a Phase 2 Services Agreement and related Addendums (collectively, the "Agreement"). Complaint, ¶¶ 4, 9, 14 and Exhibits A, B, C thereto.

11.     As detailed in the Declaration of Mark Hawkins, who is the President of the Appraisal and Tax Division for Tyler, the Agreement contemplates the payment of a total of $6,965,357 to be paid to Tyler.  *See* Exhibit 3 hereto.  Those amounts are made up of professional services, "Software as a Service," and third–party licensing fees.  To date, Anoka has paid a total of $4,772,105.75 to Tyler in connection with the Agreement.  *Id.*  Of that amount, the Agreement contemplates total professional services fees payable to Tyler of $3,287,135.00.  Anoka has paid a total of $1,760,528.25 for nine separate invoices issued pursuant to the terms of the Agreement, leaving a total of $1,526,606.75 of professional services fees unpaid per the Agreement.  *See* Exhibit 3; *see also* Exhibit A to Complaint, p. 13 (Investment Summary).  In addition, a portion of third-party license fees and the final year of SaaS fees for the initial term of the Agreement have not yet been paid.

12.     As noted, Anoka's Complaint expressly requests specific performance of the Agreement.  To determine the amount in controversy for jurisdictional purposes in connection with equitable relief like specific performance, the Court measures "the value to the plaintiff of the right sought to be enforced."  *Am. Family Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) (citing *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016)).[1]

---

[1]     *See also Sprauve v. Mastromonico*, 96 Fed. Appx. 842, 844 n.1 (3d Cir. 2004) (finding that the amount in controversy for specific performance of lease was value of lease agreement); *Ebensberger v. Sinclair Refining Co.*, 165 F.2d 803 (5th Cir. 1948) (holding "the amount in controversy in this case was not the damages which appellee might suffer if its suit for specific performance were denied[,] [i]t was the value of the property sought to

13.     Here, the right that Anoka seeks to enforce far exceeds $75,000.   Per the Agreement, the total contemplated contract price for the property tax management system Anoka sought from Tyler is $6,965,357, including total professional fees payable to Tyler of $3,287,135.00. *See* Exhibit 3 hereto; Exhibit A to Complaint, p. 13 (Investment Summary).

14.     The Complaint also alleges that, as a result of Tyler's alleged breach of the Agreement, Anoka suffered "extensive damages" in excess of $50,000 as a result of the alleged breach.  Complaint, ¶¶ 32-33.  Plaintiff also states Defendant's alleged breach caused Plaintiff "damages includ[ing], but [] not limited to, staff time related to Tyler's failed implementation of the System, increased costs associated with attempts to work around Tyler's breaches, and other damages." Complaint, ¶ 32.  While Tyler denies that such damages are recoverable pursuant to the terms of the Agreement, the alleged damages clearly exceed $75,000.

15.     In addition, Plaintiff seeks fees and costs associated with this action.  Complaint, ¶ 3.  While Tyler denies that attorneys' fees and costs are recoverable, these fees may be included when calculating the amount in controversy.  *See Geronimo Energy, LLC v. Polz*, CV 16-3901 (DWF/LIB), 2017 WL 758924, at *2 (D. Minn. Feb. 27, 2017) ("Minnesota follows the general rule that . . . attorneys' fees . . . available pursuant to contract or statute are included in the amount in controversy.") (quoting *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 686 (D. Minn. 2015)).

16.     Although Tyler denies all liability alleged in the Complaint, the amount in controversy exceeds $75,000 given the amount at issue in the Agreement that Anoka seeks to

---

be acquired by the suit"); *Direct Biologics, LLC v. Kimera Labs, Inc.*, 4:18CV2039HEA, 2018 WL 7291438, at * 2 (E.D. Mo. Dec. 20, 2018) (finding that specific performance of contract that clearly exceeded $75,000 "established to a legal certainty" the amount in controversy requirement for removal because for equitable relief "the amount in controversy is measured by the value of the object of the litigation") (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1972)); *Sinclair Refining Co. v. Miller*, 106 F. Supp. 881, 885 (D. Neb. 1952) ("In a suit for specific performance of a contract to convey real estate the amount in controversy is the value of the property involved."); Allen v. Dovenmuehle Mortg, Inc., No. 3:13-CV-4710, 2014 WL 3579812, at *4 (N.D. Tex. July 21, 2014) ("When specific performance of a contract is sought, the amount in controversy for diversity purposes is the value of the contract."); *Comprehensive Addiction Programs v. Mendoza*, 50 F. Supp. 2d 581, 583 (E.D. La. 1999) ("Courts look to the value of the property involved to determine the jurisdictional amount in suits for specific performance of a contract to convey realty.") (citing *Waller v. Professional Ins. Corp.*, 296 F.2d 545 (5th Cir. 1961)).

enforce and the amount Anoka has paid to date. *See Vein Centers for Excellence, Inc.*, 912 F.3d at 1081 (analyzing the amount of an adverse judgment in determining the amount in controversy for diversity purposes).

17.     For these reasons, removal is appropriate and proper.

## V.    REMOVAL PROCEDURE

18.     **The Removal Venue is Proper.**  Removal to the United States District Court for the District of Minnesota is proper because the Complaint was filed in the Tenth Judicial District Court of the State of Minnesota for the County of Anoka, which is located within the jurisdiction of this District. 28 U.S.C. §§ 1446(a); 1441(a).

19.     **The Removal is Timely.**  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff serving Defendant with the initial pleading on June 15, 2020.

20.     **No Previous Removal.**  No previous Notice of Removal has been filed of made to this Court for the relief sought herein.

21.     **Amendment Rights Reserved.**  Tyler reserves the right to amend or supplement this Notice of Removal.

22.     **Notice to Plaintiff and State Court.**  Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the District Court of the State of Minnesota for the County of Anoka concurrently with the filing of this Notice, and will serve that notice on Plaintiff. A copy of the notice to be filed in state court is attached as **Exhibit 2**.

**WHEREFORE**, Plaintiff's Complaint is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant respectfully prays that this action hereby be removed from the Tenth Judicial District Court of the State of Minnesota for the County of Anoka, to the United States District Court for the District of Minnesota, and respectfully requests this Court proceed with the matter as if it had been filed originally herein.

Dated:  July 6, 2020                    By:    /s/  Barry M. Landy
                                               Barry M. Landy (MN Bar #0391307)

                                        **CIRESI CONLIN LLP**
                                        Barry M. Landy (MN #0391307)
                                        Kyle W. Wislocky (MN #393492)
                                        225 S. 6th St., Suite 4600
                                        Minneapolis, MN 55402
                                        Phone: (612) 361-8200
                                        Fax: (612) 361-8217
                                        E-mail: BML@ciresiconlin.com
                                        E-mail: KWW@ciresiconlin.com

                                        Beth W. Petronio (TX #00797664)
                                        **K&L GATES, LLP**
                                        1717 Main Street, Suite 2800
                                        Dallas, TX 75201
                                        Telephone: (214) 939-5500
                                        Fax: (214) 939-5849
                                        E-mail: beth.petronio@klgates.com

                                        **ATTORNEYS FOR DEFENDANT
                                        TYLER TECHNOLOGIES, INC.**