# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| County of Anoka, | Court File No. 0:20-CV-01524 (PAM/ECW) |
| Plaintiff, | **ANSWER TO COUNTERCLAIM** |
| vs. | |
| Tyler Technologies, Inc., | |
| Defendant. | |

Plaintiff Anoka County, for its Answer to the Counterclaim brought by Defendant Tyler Technologies, Inc. ("Tyler"), states and alleges as follows. Anoka County denies each and every allegation of the Counterclaim except as expressly admitted, qualified, or otherwise answered below. If Anoka County states that it lacks knowledge or information sufficient to form a belief as to the truth of an allegation, then it denies that allegation.

## I. PARTIES

1. Anoka County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim.

2. Anoka County admits the allegations contained in Paragraph 2 of the Counterclaim.

## II. JURISDICTION AND VENUE

3. With respect to the allegations contained in Paragraph 3 of the Counterclaim, Anoka County states that this paragraph contains allegations of law to which no responsive pleading is required.

1

4. Anoka County admits the allegations contained in Paragraph 4 of the Counterclaim.

### III. FACTUAL BACKGROUND

5. With respect to the allegations contained in Paragraph 5 of the Counterclaim, Anoka County states that its Request for Proposals speaks for itself. Anoka County denies any characterization of that document that is inconsistent with its terms. Anoka County admits that Tyler was awarded a contract for Phase I of Anoka County's project. Anoka County further admits that Phase I resulted in a Statement of Work that was later attached to the parties' Phase II contract. Anoka County states that its Statement of Work and Phase II contract speak for themselves, and denies any characterization of those documents that is inconsistent with their terms. Anoka County denies the remainder of the allegations contained in Paragraph 5.

6. With respect to the allegations contained in Paragraph 6 of the Counterclaim, Anoka County states that its Agreement with Tyler speaks for itself. Anoka County denies any characterization of that Agreement that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 6.

7. With respect to the allegations contained in Paragraph 7 of the Counterclaim, Anoka County states that its Agreement with Tyler speaks for itself. Anoka County denies any characterization of that Agreement that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 7.

8. With respect to the allegations contained in Paragraph 8 of the Counterclaim, Anoka County states that its Agreement with Tyler speaks for itself. Anoka County denies

any characterization of that Agreement that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 8.

9. With respect to the allegations contained in Paragraph 9 of the Counterclaim, Anoka County states that its Agreement with Tyler speaks for itself. Anoka County denies any characterization of that Agreement that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 9.

10. With respect to the allegations contained in Paragraph 10 of the Counterclaim, Anoka County states that its Agreement with Tyler speaks for itself. Anoka County denies any characterization of that Agreement that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 10.

11. With respect to the allegations contained in Paragraph 11 of the Counterclaim, Anoka County states that its Software as a Service Agreement ("SaaS Agreement") speaks for itself. Anoka County denies any characterization of the SaaS Agreement that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 11.

12. With respect to the allegations contained in Paragraph 12 of the Counterclaim, Anoka County states that its Software as a Service Agreement ("SaaS Agreement") speaks for itself. Anoka County denies any characterization of the SaaS Agreement that is inconsistent with its terms. Anoka County also specifically denies Tyler's allegation that the parties' contract permits Tyler to deliver a system under which "defects, including various bugs and fixes, are common and expected in software implementations and production use, especially right after a System like the one

implemented for Anoka goes live." Anoka County denies the remaining allegations contained in Paragraph 12.

13. With respect to the allegations contained in Paragraph 13 of the Counterclaim, Anoka County states that Addendum No. 1 to its contract with Tyler speaks for itself. Anoka County denies any characterization of Addendum No. 1 that is inconsistent with its terms. Anoka County also specifically denies that "the parties recognized that the Target Dates shown on the High Level Project Schedule may need to be revised in the future as work progresses." Anoka County states that Tyler has omitted a subsequent sentence from Addendum No. 1, which provides that "notwithstanding the foregoing, Tyler and County agree that the Final Production Cut-Over Date set forth in Paragraph 1 shall not be subject to revision, and whatever other dates may be revised pursuant to joint agreement in the High Level Project Schedule, the Final Production Cut-Over Date will remain on a mutually agreeable date between July 12 and August 5, 2019, except as subject to Section B(8) of the Agreement." Anoka County denies the remaining allegations contained in Paragraph 13.

14. With respect to the allegations contained in Paragraph 14 of the Counterclaim, Anoka County denies that "Tyler continued to work diligently to complete the implementation within the new, agreed-upon time period." Anoka County admits that the parties entered an Addendum No. 2 to the contract, and affirmatively alleges that the second Addendum was drafted because Tyler advised Anoka County it could not complete its work by the deadline provided by Addendum No. 1. Anoka County states that Addendum No. 2 speaks for itself, and denies any characterization of Addendum No. 2 that

is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 14.

15. With respect to the allegations contained in Paragraph 15 of the Counterclaim, Anoka County admits that Addendum No. 2 addressed the date by which Tyler was required to complete all work described in the parties' contract. Anoka County admits that it granted Tyler's request to extend until November 21, 2019, the date by which Tyler would complete all work required by the Statement of Work attached to the parties' contract. Anoka County states that Addendum No. 2 speaks for itself, and denies any characterization of that Addendum that is inconsistent with its terms. Anoka County denies that Tyler completed all its required work by November 21, 2019, and denies that Tyler's system has been fully operational since that date. Anoka County denies that Tyler complied with its contractual requirements by November 21, 2019, and denies the remaining allegations contained in Paragraph 15.

16. With respect to the allegations contained in Paragraph 16 of the Counterclaim, Anoka County admits that it raised some issues after November 21, 2019, that constituted change orders under the parties' contract. Anoka County states that the vast majority of issues it raised were not change orders, but instead related to items that Tyler was contractually required to complete (but failed to do so) by November 21, 2019. Anoka County denies the remainder of the allegations contained in Paragraph 16.

17. Anoka County denies the allegations contained in Paragraph 17.

18. With respect to the allegations contained in Paragraph 18, Anoka County admits that its attorney wrote to Tyler's counsel on February 21, 2020. Anoka County

states that the letter from its counsel speaks for itself, and denies any characterization of that letter that is inconsistent with its terms. Anoka County denies the remainder of the allegations contained in Paragraph 18 of the Counterclaim.

19. With respect to the allegations contained in Paragraph 19 of the Counterclaim, Anoka County admits that Tyler responded to Anoka County's February 21 letter. Anoka County denies the remainder of the allegations contained in Paragraph 19.

20. With respect to the allegations contained in Paragraph 20 of the Counterclaim, Anoka County admits that it wrote to Tyler on May 1, 2020. Anoka County states that its correspondence speaks for itself, and denies any characterization of that correspondence that is inconsistent with its terms. Anoka County denies the remainder of the allegations contained in Paragraph 20.

21. With respect to the allegations contained in Paragraph 21 of the Counterclaim, Anoka County admits that Tyler responded to Anoka County's May 1 letter. Tyler's response speaks for itself, and Anoka County denies any characterization of that response that is inconsistent with its terms. Anoka County denies the remaining allegations contained in Paragraph 21.

22. Anoka County denies the allegations contained in Paragraph 22 of the Counterclaim.

23. Anoka County denies the allegations contained in Paragraph 23 of the Counterclaim.

24. With respect to the allegations contained in Paragraph 24 of the Counterclaim, Anoka County admits that it participated in a call with Tyler to discuss

Tyler's failure to perform its obligations under the parties' contract. Anoka County denies the remainder of the allegations contained in Paragraph 24.

25. Anoka County denies the allegations contained in Paragraph 25 of the Counterclaim.

26. Anoka County denies the allegations contained in Paragraph 26 of the Counterclaim.

27. Anoka County denies the allegations contained in Paragraph 27 of the Counterclaim.

## CAUSES OF ACTION

### COUNT I

28. Anoka County incorporates herein by reference the preceding paragraphs of this Answer.

29. Anoka County admits the allegations contained in Paragraph 29 of the Counterclaim.

30. Anoka County denies the allegations contained in Paragraph 30 of the Counterclaim.

31. Anoka County denies the allegations contained in Paragraph 31 of the Counterclaim.

32. Anoka County denies the allegations contained in Paragraph 32 of the Counterclaim.

33. Anoka County denies the allegations contained in Paragraph 33 of the Counterclaim.

34. Anoka County denies the allegations contained in Paragraph 34 of the Counterclaim.

35. Anoka County denies the allegations contained in Paragraph 35 of the Counterclaim.

36. Anoka County denies the allegations contained in Paragraph 36 of the Counterclaim.

## COUNT II

37. Anoka County incorporates herein by reference the preceding paragraphs of this Answer.

38. With respect to the allegations contained in Paragraph 38 of Tyler's Counterclaim, Anoka County acknowledges the relief requested by Tyler but denies that Tyler is entitled to such relief.

39. Anoka County denies the allegations contained in Paragraph 39 of the Counterclaim.

40. Anoka County denies the allegations contained in Paragraph 40 of the Counterclaim.

41. Anoka County denies the allegations contained in Paragraph 41 of the Counterclaim.

42. Anoka County denies the allegations contained in Paragraph 42 of the Counterclaim.

43. With respect to the allegations contained in Paragraph 43 of the Counterclaim, Anoka County states that the parties' contract speaks for itself. Anoka

County denies any characterization of that contract that is inconsistent with its terms, and denies the remaining allegations contained in Paragraph 43.

## COUNT III

44. Anoka County incorporates herein by reference the preceding paragraphs of this Answer.

45. Anoka County denies the allegations contained in Paragraph 45 of the Counterclaim.

46. Anoka County denies the allegations contained in Paragraph 46 of the Counterclaim.

## COUNT IV

47. Anoka County incorporates herein by reference the preceding paragraphs of this Answer.

48. Anoka County denies the allegations contained in Paragraph 48 of the Counterclaim.

49. Anoka County denies the allegations contained in Paragraph 49 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. One or more of Tyler's claims fails to state a claim upon which relief can be granted.

2. One or more of Tyler's claims is barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

3. One or more of Tyler's claims is barred by the applicable statute of limitations.

4. One or more of Tyler's claims is barred by the express terms of the parties' contract.

5. Tyler has failed to comply with the conditions precedent imposed by the contract before Tyler may bring its claims.

6. Tyler has failed to comply with the dispute resolution procedure contained in the parties' contract, and has therefore waived its right to recover the damages it seeks.

7. One or more of Tyler's claims is barred by the statute of frauds and the parol evidence rule.

8. To the extent Tyler has suffered any damages, it has failed to mitigate them.

9. To the extent Tyler has suffered any damages, those damages are due to its own conduct or the conduct of persons or entities over whom Anoka County exercised no control.

10. Tyler's claims for equitable relief fail because an adequate remedy exists at law.

11. One or more of Tyler's claims is barred by its own breach of contract.

12. Tyler's claims are barred by some or all of the affirmative defenses set forth in Rule 8 of the Minnesota Rules of Civil Procedure, which are incorporated herein by reference.

13. Anoka County reserves the right to assert additional affirmative defenses as this matter proceeds.

14. Anoka County denies each and every material allegation that would purport to support a claim of liability against it and denies that Tyler is entitled to any relief whatsoever.

**WHEREFORE**, Anoka County respectfully requests that:

1. Tyler's claims be dismissed in their entirety;

2. Anoka County be awarded its costs and attorneys' fees to the extent permitted by applicable law; and

3. Anoka County be granted such other and further relief as the Court deems just and equitable.

ANTHONY C. PALUMBO
ANOKA COUNTY ATTORNEY

Dated: July 21, 2020   By: *s/Jason J. Stover*
Jason J. Stover (#30573X)
jason.stover@co.anoka.mn.us
Anoka County Attorney's Office
2100 Third Avenue
Anoka, Minnesota 55303
Phone: (763) 324-5457
Assistant Anoka County Attorney