UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

County of Anoka,

                Civil No. 20-cv-1524 PAM/ECW

    Plaintiff,

v.

                **RULE 26(f) REPORT**

Tyler Technologies, Inc.,

    Defendant.

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on August 12, 2020, and prepared the following report.

The initial pretrial conference in this matter is scheduled for August 24, 2020, before United States Magistrate Judge Elizabeth Cowan Wright, via telephone.

## **DESCRIPTION OF CASE**

   1.  Concise factual summary of Plaintiff's claims:

   Anoka County and Tyler entered a Phase 2 Services Agreement ("Agreement") dated February 23, 2017. That Agreement required Tyler to develop and implement a fully-functional Integrated Property Assessment, Tax, Land, and Vital Records System for Anoka County according to a set schedule. The parties' Agreement required Tyler to complete its work by the end of July 2018. Tyler advised Anoka County in early 2018 that it would not be able to complete its work on time. At Tyler's request, Anoka County agreed to extend Tyler's completion deadline until August 5, 2019. Once again, Tyler failed to complete its work on time. Prior to the extended August 5, 2019, deadline, Tyler again asked Anoka County for an extension. Anoka County again agreed, extending Tyler's completion deadline until November 12, 2019. As part of Addendum No. 2, Tyler specifically agreed that "all modules of the final system shall go live simultaneously" on November 12, 2019. Shortly before November 12, Tyler asked for yet another extension of that deadline until November 21, 2019, which Anoka County granted. Yet once again Tyler missed its contractual completion deadline, failing to deliver all modules of the final system and failing to complete all the work specified by the parties' Agreement. To date, Tyler still has not completed all the work specified by the parties' Agreement and has not delivered the fully-functioning system it promised. Tyler's failure to complete its work on time has caused Anoka County to incur substantial damages.

With respect to Tyler's Counterclaim, Anoka County denies that it has failed to pay a single invoice submitted by Tyler. The parties' Agreement provides that Anoka County is not required to pay any amounts to Tyler until Tyler first submits a formal Acceptance Form (Exhibit F to the Agreement) for specific contractual milestones. Once an Acceptance

1

Form has been submitted and approved by Anoka County, Tyler must then invoice Anoka County for the associated work pursuant to the Agreement's milestone payment schedule. As of today, there are no outstanding Acceptance Forms that Tyler has submitted to Anoka County for approval, and no outstanding invoices. Tyler has presumably not submitted any Acceptance Forms for approval because it realizes that it has not completed the specific tasks associated with the payment milestones in the parties' Agreement. There is no factual basis for Tyler's Counterclaim.

2. Concise factual summary of Defendant's claims and defenses:

Tyler contracted to provide certain services to Anoka in order to implement Tyler's Integrated Property Assessment, Tax, Land and Vital Records System (the "System"). To date, Tyler has provided over $1.5 million in implementation services to Anoka, and Anoka is actively in live production and using the System. Nonetheless, Anoka asserts that Tyler has breached the Agreement by failing to complete certain portions of the Agreement. Anoka seeks specific performance of the Agreement and consequential damages allegedly arising from increased costs and staff time associated with Tyler's alleged breach. Tyler denies Anoka's allegations of breach and asserts that it has fully complied with its contractual obligations. The Agreement clearly provided for certain maintenance and support services to be provided after the System was in live production, which occurred in November 2019, and the parties also agreed that certain implementation deliverables would be delivered in the months following go-live. Nonetheless, Anoka has continued to suggest that Tyler has not completed the project and has insisted that Tyler complete certain tasks and other unspecified services on an Anoka-dictated and arbitrary timeframe. There is simply no basis to support a breach claim by Anoka. Moreover, Anoka's claim for damages is directly contrary to the express limitation of liability provisions in the Agreement, which prevent Anoka from recovering for consequential and other damages. Tyler instead asserts that Anoka has breached the Agreement. Anoka has made clear that it is not willing to execute acceptance certificates or to pay for Tyler's services until Tyler meets Anoka's arbitrary definition of complete. Anoka has also failed to comply with its cooperation obligations, failed to follow procedures to address implementation issues, and failed to participate in good faith in contractually mandated dispute resolution processes in the Agreement. Tyler has asserted claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment. Tyler has also sought declaratory relief, requesting that this Court properly interpret provisions in the contract at issue, including the limitation of liability provisions.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Tyler and Anoka are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000;

4. The parties have not made any agreements or stipulations of fact at this point in the case;

5. Tyler has requested a jury trial in this matter;

6. All process has been served, and all pleadings have been filed. Neither party currently plans to amend pleadings or add additional parties to the action, although both parties reserve the right to move the court to permit such amendments at a later date if necessary;

7. At this time, there is a possibility that Tyler may have coverage for this matter pursuant to a Professional Liability/Cyber Policy at Underwriters' at Lloyd's with a $20 million policy limit and a $500,000 self-insured retention.

## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties propose the following discovery plan that is designed to maximize the efficiency of pretrial case preparation.

## **FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before September 21, 2020.

2. Fact discovery procedures shall be commenced in time to be completed on or before June 18, 2021.

3. The parties believe that the discovery limitations established by the Federal Rules of Civil Procedure are appropriate for this matter and do not propose any additional limitations or restrictions on discovery at this time.

4. <u>Other discovery issues.</u>

    a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and have agreed to the ESI Protocol attached as Exhibit A.

    b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and do request the Court to include the following agreement in the scheduling order or as part of a protective order:

    > The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production

3

of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**EXPERT DISCOVERY**

The parties anticipate that they may require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to two experts. Defendant anticipates calling up to two experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Party bearing the burden of proof on or before May 21, 2021.

    b) Disclosures by Party bearing the burden of proof on or before July 2, 2021;

    c) Identities of Rebuttal Experts on or before July 16, 2021;

    d) Disclosures by Rebuttal Experts on or before August 6, 2021;

3. Expert discovery, including depositions, shall be completed by August 31, 2021.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 3 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before January 4, 2021.

2. Except as provided in paragraph 3 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before June 18, 2021.

3. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before September 14, 2021.

**PROTECTIVE ORDER**

The parties jointly submit the proposed Protective Order, attached as Exhibit B, which follows the Court's suggested form protective order. Following the Rule 16(f) conference, the parties will also separately file the protective order on CM/ECF and email a Word version of the document to the chambers e-mail box.

**DISPOSITIVE MOTION DEADLINES**

The parties do not believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served on or before September 30, 2021.

**SETTLEMENT**

The parties have conducted a meaningful discussion about possible settlement and have discussed whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive. The results of that discussion, including any proposals or recommendations, are as follows: The parties believe that a formal settlement conference would be premature at this time. The parties will address in their separate confidential settlement letters the timing of a potential settlement conference with the Court.

**TRIAL**

1. Trial by Magistrate Judge:

    The parties have not consented to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

2. The parties agree that this case will be ready for trial on October 25, 2021. The anticipated length of the jury trial is 4 days.

 /s/ Barry M. Landy
Barry M. Landy (MN #0391307)
**CIRESI CONLIN LLP**
Barry M. Landy (MN #0391307)
Kyle W. Wislocky (MN #393492)
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: (612) 361-8200
Fax: (612) 361-8217
 E-mail: BML@ciresiconlin.com
 E-mail: KWW@ciresiconlin.com

 /s/ Beth W. Petronio
Beth W. Petronio (TX #00797664) (admitted pro hac)
**K&L GATES, LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5500
Fax: (214) 939-5849
E-mail: beth.petronio@klgates.com

**ATTORNEYS FOR DEFENDANT
TYLER TECHNOLOGIES, INC.**



 /s/ Jason J. Stover
ANTHONY C. PALUMBO
**ANOKA COUNTY ATTORNEY**
Jason J. Stover (MN #30573X)
Assistant Anoka County Attorneys
2100 Third Avenue, Ste. 720
Anoka, MN 55303-5025
Telephone: (763) 324-5457
Email: jason.stover@co.anoka.mn.us

**ATTORNEYS FOR COUNTY OF ANOKA**