# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| County of Anoka, | ) | Case No. 20-cv-1524 PAM/ECW |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **STIPULATION FOR** |
| v. | ) | **PROTECTIVE ORDER** |
|  | ) |  |
| Tyler Technologies, Inc., | ) |  |
|  | ) |  |
| Defendant. |  |  |

The parties stipulate that the court may enter the following protective order:

**1.      Definitions.** As used in this protective order:

(a)      "attorney" means an attorney who has appeared in this action;

(b)      "confidential document" means a document designated as confidential under this protective order;

(c)      to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d)      "document" means information disclosed or produced in discovery, including at a deposition;

(e)      "notice" or "notify" means written notice;

(f)      "party" means a party to this action; and

(g)      "protected document" means a document protected by a privilege or the work-product doctrine.

1

**2.    Designating a Document or Deposition as Confidential.**

(a)    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c)    Deposition testimony may be designated as confidential:

(1)    on the record at the deposition; or

(2)    after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d)    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.    Who May Receive a Confidential Document.**

(a)    A confidential document may be used only in this action.

(b)    No person receiving a confidential document may reveal it, except to:

(1)    the court and its staff;

(2)    an attorney or an attorney's partner, associate, or staff;

(3)    a person shown on the face of the confidential document to have authored or received it;

(4)    a court reporter or videographer retained in connection with this action;

(5)    a party (subject to paragraph 3(c)); and

(6)    any person who:

        (A)    is retained to assist a party or attorney with this action; and

        (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *County of Anoka v. Tyler Technologies, Inc.*, Case No. 20-cv-1524 PAM/ECW in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I declare under penalty of perjury that the foregoing is true and correct.

    (c)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**    **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5**    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6**    **Use of a Confidential Document in Court.**

    (a)    Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

    (b)    Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the

other party or the non-party so that the other party or the non-party may seek relief from the Court.

7  **Changing a Confidential Document's Designation.**

   (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

   (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   (c) Changing a designation by Court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8  **Handling a Confidential Document after Termination of Litigation.**

   (a) Within 60 days after the termination of this action (including any appeals), each party must:

   (1) return or destroy all confidential documents; and

   (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    (b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the Court and any attorney work product that incorporates confidential documents or materials.

**9**    **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10**    **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**     **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

Stipulated to:

 /s/ Barry M. Landy
Barry M. Landy (MN Bar #0391307)
**CIRESI CONLIN LLP**
Barry M. Landy (MN #0391307)
Kyle W. Wislocky (MN #393492)
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: (612) 361-8200
Fax: (612) 361-8217
 E-mail: BML@ciresiconlin.com
 E-mail: KWW@ciresiconlin.com

 /s/ Beth W. Petronio
Beth W. Petronio (TX #00797664) (admitted pro hac)
**K&L GATES, LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5500
Fax: (214) 939-5849
E-mail: beth.petronio@klgates.com

**ATTORNEYS FOR DEFENDANT
TYLER TECHNOLOGIES, INC.**

/s/ Jason J. Stover
ANTHONY C. PALUMBO
**ANOKA COUNTY ATTORNEY**
Jason J. Stover (MN #30573X)
Christine Carney (MN #0319491)
Assistant Anoka County Attorneys
2100 Third Avenue, Ste. 720
Anoka, MN 55303-5025
Telephone: (763) 324-5457
Email: jason.stover@co.anoka.mn.us
Email: christine.carney@co.anoka.mn.us

**ATTORNEYS FOR COUNTY OF ANOKA**