UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

County of Anoka,

              Plaintiff,

v.

Tyler Technologies, Inc.,

              Defendant.

Case No. 20-cv-1524 (PAM/ECW)

**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this schedule establishes a deadline for filing a particular non-dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The Court has entered an ESI Protocol.  (Dkt. 17.)

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **September 21, 2020**.

2. The parties must commence fact discovery procedures in time to be completed on or before **June 18, 2021**.

**ADDITIONAL DISCOVERY LIMITATIONS**

The default discovery limitations set forth in the Federal Rules of Civil Procedure shall apply.

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiff anticipates calling up to 2 experts.  Defendant anticipates calling up to 2 experts.  Each side may take one deposition per expert.

---

[1] Parties who agree by stipulation to seek a modification of this Scheduling Order may submit the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must meet the requirements of Local Rule 16.3.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by the party with the burden of proof on or before **May 21, 2021**.

   Disclosures by the party with the burden of proof on or before **July 2, 2021**.

   b) Identities by the responding party on or before **July 16, 2021**.

   Disclosures by the responding party on or before **August 6, 2021**.

3. Expert discovery, including depositions, shall be completed by **August 31, 2021**.

## PRIVILEGE LOG

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

## NON-DISPOSITIVE MOTION DEADLINES

1. Except as otherwise specifically set forth this section, all motions that seek to amend the pleadings or to add parties must be filed, served, **and heard** on or before **January 4, 2021**.

2. Except as otherwise specifically set forth this section, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed, served, **and heard** on or before **July 2, 2021**.

3. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed, served, **and heard** on or before **September 14, 2021**.

**DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court.  The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues.  Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Magistrate_Wright_Chambers@mnd.uscourts.gov stating:

>   a)   the discovery dispute;
> 
>   b)   whether all parties agree to informal dispute resolution; and
> 
>   c)   any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way.  No attachments are permitted.  The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.  It does not mean that the parties all concede to informal dispute resolution.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Theresa Anderson**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Wright, at 651-848-1890, prior to filing.  Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Anderson must be contacted to set the date for submission of the matter to the Court.  The matter will be deemed submitted upon receipt of the last filing.  The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing.  The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set.  A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions.  Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way.  The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits.  Your

5

arguments should be precise. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an

6

informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Therefore, all parties must agree to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone conference. The parties will then be allowed to each submit a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

**DISPOSITIVE MOTIONS**

All dispositive motions shall be served, filed, **and fully briefed** by **November 1, 2021**. Counsel for the moving party shall call Lynn Magee, Calendar Clerk to Judge Paul A. Magnuson, at 651-848-1150 to schedule the hearing. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response, or reply brief is filed on ECF, two paper courtesy copies of the pleading and one paper courtesy copy of all supporting documents shall be mailed or delivered to

Calendar Clerk, Lynn Magee, contemporaneously with the documents being posted on ECF.  Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar.

**PROTECTIVE ORDER**

The Court has entered a protective order.  (Dkt. 18.)

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule.  If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule.  For example:

(A)  Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

(i)  briefly describe the document;

   (ii) explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

   (iii) identify any nonparty who has designated the document or information in the document as confidential or proprietary.

 (B) Party to File Joint Motion.  Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website."  The current form includes a list of example explanations in a footnote.  The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

*See **https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf***.

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **March 18, 2021.** A separate Order for Settlement Conference will be issued.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court will in its

9

discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to Magistrate_Wright_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

This case will be ready for a **jury** trial on or about **January 15, 2022**. The anticipated length of trial is **4** days.

Date:   August 25, 2020

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge